United States District Court
Southern District of Texas

**ENTERED**
June 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JFJ HOLDINGS INC. AND QB VENTURES OF TEXAS LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-3333 |
| | § | |
| O.G. HOLDINGS DIV LLC AND ADAM AUSLOOS, | § § | |
| Defendants. | § § § | |
| O.G. HOLDINGS DIV LLC, | § § | |
| Counterclaim Plaintiff and Third-Party Plaintiff, | § § § | |
| v. | § § | |
| JFJ HOLDINGS INC., QB VENTURES OF TEXAS LLC, | § § § | |
| Counterclaim Defendants, | § § | |
| JAKE FRUGE, JR., BRANDI ZACHARIE, NIKHIL AGHARKAR, KRISTINA AGUILERA, AND CROWNE POINT TAX & WEALTH COUNSEL LAW OFFICES OF NIKHIL S. AGHARKAR LLC d/b/a LEGACY LEGAL, AND CHAMPION MANAGEMENT SERVICES, LLC, | § § § § § § § § § § § | |
| Third-Party Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant/Counterclaimant Plaintiff/Third-Party-Plaintiff, O.G. Holdings DIV LLC's ("O.G. Holdings") First Amended Application For Preliminary Injunction, and Permanent Injunction ("Motion") (ECF No. 16) against Counterclaim Defendants/Third-Party Defendants JFJ Holdings Inc. ("JFJ Holdings"), QB Ventures of Texas LLC ("QB Ventures"), Jake Fruge, Jr. ("Fruge"), and Brandi Zacharie ("Zacharie") (collectively, "Plaintiffs").  The Court held a hearing on this matter on May 20, 2026, and on June 1, 2026.  (*See* ECF Nos. 22, 29).  Based on the arguments presented during the hearings, the parties' briefing, and the applicable law, the Court **RECOMMENDS** O.G. Holdings's Motion (ECF No. 16) be **DENIED**.

## I.    BACKGROUND

This dispute arises out of activities between business partners, wherein JFJ Holdings, QB Ventures, and O.G. Holdings formed a company called Legacy Wealth Structures, LLC (the "Company").  (ECF No. 16 at 9–10).  The Company was formed to "scale and automate" O.G. Holdings's "complex trust structures, intellectual property, and business model."  (*Id.* at 9).  The parties executed a letter of intent on July 1, 2025, and an operating agreement on November 13, 2025 (the "Operating Agreement").  (*Id.* at 10–11).

In the initial months of operations, the Company signed up twelve clients. (*Id.* at 16). However, the relationship between the business partners began to break down. (*See id.* at 15–16). On April 8, 2026, JFJ Holdings and QB Ventures voted to remove O.G. Holdings from the Company. (*See* ECF No. 16-13 at 1). O.G. Holdings was also sent a Notice of Removal for Just Cause the next day. (*Id.* at 1–4). The Notice listed the following causes for removal: (1) Fraudulent Licensure and Misrepresentation; (2) Fraudulent Invoicing and Unauthorized Role Occupation; (3) Banking and Securities Fraud; (4) Document Fraud and Unauthorized Legal Practice; (5) Unauthorized Sale of Products / Breach of Operating Agreement; (6) Unauthorized Exercise of Company Authority; and (7) Material Harm to Company Operations and Reputation. (*Id.* at 6–7).

On April 22, 2026, Plaintiffs sued O.G. Holdings and Adam Ausloos ("Ausloos") (collectively, "Defendants") for fraudulent inducement and breach of contract in the 334th Judicial District Court of Harris County, Texas. (ECF No. 1-1). Two days later, Defendants removed the case to this Court. (ECF No. 1). Defendants have also filed counterclaims and a third-party complaint against Plaintiffs. (*See* ECF No. 25).

## II.    LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy," which is never awarded as a right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).

To obtain a preliminary injunction, Plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). While the plaintiff need not prove its case in full at the preliminary injunction stage, the plaintiff bears the burden of persuasion with each of the four elements. *Optimus Steel, LLC v. U.S. Army Corps of Eng'rs*, 492 F. Supp. 3d 701, 713–14 (E.D. Tex. 2020). Normally, if a party cannot prove all four elements, a court must deny the injunctive relief since "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621.

The decision to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). If a plaintiff fails to meet their burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits). In considering a motion for preliminary injunction, "the procedures for the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence." *Sierra Club, Lone Star Chapter, et al. v. Fed. Deposit Ins. Corp.*, 992 F.2d 545, 551 (5th Cir. 1993) (citing *Fed. Sav. and Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558–59 (5th Cir. 1987)); *Roake v. Brumley*, 756 F. Supp. 3d 219, 232 (M.D. La. 2024). Thus, the court may accept evidence in the form of deposition transcripts and affidavits. *Sierra Club, Lone Star Chapter*, 992 F.2d at 551. While the court may employ informal procedures and rely on generally inadmissible evidence, the record must still support the court's decision. *Id.*

## III.   DISCUSSION

O.G. Holdings seeks a temporary restraining order, preliminary injunction, and permanent injunction that enjoins Plaintiffs as follows: (1) Plaintiffs shall not dispose of any funds they have received from the Company or transfer any other funds out of the Company's bank accounts, if any remain; (2) Plaintiffs shall freeze and hold any revenue received after April 8, 2026 from the Company's customers whose accounts were transferred to the control of Plaintiffs after April 8, 2026; (3) Plaintiffs shall discontinue use of O.G. Holdings' methods, intellectual property, and Confidential Information as defined in Section 13.6 of the Operating Agreement; (4) JFJ Holdings and Fruge shall not, directly or indirectly, through any affiliate, operate, consult for, own, manage, market, promote, or sell any products or services provided by the Company prior to its dissolution and shall not engage in any of the activities identified in Section 13.4 (A) of the Operating Agreement; and (5) restoring O.G. Holdings access to electronic databases and software platforms previously operated by the Company that contain client documents and client information.  (ECF No. 16 at 32–33).

a. <u>Substantial Likelihood of Success on the Merits</u>

Under this element, "the plaintiff's evidence need not prove that plaintiff is entitled to a summary judgment; plaintiff needs only to present a *prima facie*

case, but not demonstrate that he is certain to win." *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (citing *Janvey v. Alguire*, 647 F.3d 585, 595–96, 599 (5th Cir. 2011)). "'[I]t will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.'" *Id.* (quoting *Sebastian v. Texas Dep't of Corrs.*, 541 F. Supp. 970, 975 (S.D. Tex. 1982)).

O.G. Holdings's Second Amended Counterclaims and Third-Party Complaint asserts the following causes of action: (1) breaches of fiduciary duty; (2) theft of property; (3) money had and received, and unjust enrichment; (4) breach of operating agreement; (5) accounting; (6) conspiracy to breach fiduciary duty; (7) knowing participation in breach of fiduciary duty and aiding and abetting breach of fiduciary duty; (8) breach of contractual good faith and fair dealing; (9) conversion; and (10) breach of service provider agreement. (*See* ECF No. 25). However, O.G. Holdings does not address each of these causes of action individually in its Motion. (*See* ECF No. 16 at 28–30). Instead, O.G. Holdings generally asserts that Plaintiffs have violated, and continue to violate, the Operating Agreement. (*See id.* at 29 ("They have violated and/or are continuing to violate Article 6 and sections 3.3, 4.3, 5.1, 5.2, 7.3, 9.2, 10.3, 13.1, 13.4, 13.5, 13.6, 13.7 and 13.8 of the Operating Agreement.")).

Specifically, O.G. Holdings argues that "JFJ Holdings, Fruge, QB Ventures, and Zacharie have dissolved the Company;" "distributed the Company's remaining funds to themselves;" "closed the Company's bank account and shut down its website;" "attempted to remove O.G. Holdings as a manager and member;" "transferred' the Company's clients to new entities;" and "continue to use the proprietary and Confidential Information of O.G. Holdings in violation of their continuing obligations under the [Operating Agreement]." (ECF No. 16 at 28).

In response, Plaintiffs do not address the preliminary injunction elements. (*See* ECF No. 26). However, Plaintiffs request that the Court deny O.G. Holding's Motion because the evidence "clearly shows[s] that there is a serious dispute between these Parties." (*Id.* at 32). Plaintiffs contend Ausloos's trust structures contain illegal provisions. (*Id.*). Plaintiffs add that "[a]ll of the funds in JFJ's accounts were appropriately distributed, and the evidence of fraudulent inducement in this case is clear enough to make it highly unlikely that the Operating Agreement can be enforced against the Plaintiffs in this case, or against Nik Agharkar, who was only going his duty as Trust Protector." (*Id.* at 32–33).

At this time, based on the testimony and evidence presented at the preliminary injunction hearings, O.G. Holdings has not met the burden of

demonstrating a substantial likelihood of success on the merits for any of its claims. *See Creel v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 20-cv-880, 2021 WL 856710, at *3 (M.D. La. Mar. 8, 2021) ("Courts have consistently held that preliminary injunctions are not appropriate in cases permeated with factual disputes.").

As mentioned, a preliminary injunction is a "drastic remedy" and the party requesting such an action "must overcome a high burden to warrant these measures." *Believe TGH, LLC v. Pointe Coupee Par., La.*, No. 23-cv-408, 2023 WL 8791676, at *4 (M.D. La. Dec. 19, 2023). Because "courts are more cautious about invoking the extraordinary remedy of the preliminary injunction where critical facts are in dispute," the Court finds the testimony and evidence presented by O.G. Holdings has neither established a *prima facie* case for any of its claims nor demonstrated a substantial likelihood of success on the merits. *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971) (collecting cases).

b.  Substantial Threat of Irreparable Injury

Under this factor, a substantial threat of irreparable injury must exist. *Optimus Steel, LLC*, 492 F. Supp. 3d at 724 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "To satisfy this requirement, there must be 'a significant threat of injury from the impending action,' the injury must be

'imminent,' and 'money damages [can]not fully repair the harm.'" *Id.* (quoting *Humana Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986)).  Plaintiff must establish that such irreparable harm is not merely possible, but likely.  *Id.* (citing *Winter*, 555 U.S. at 21–22).  Speculative injury is insufficient, as there must be more than an unfounded fear on the part of the movant.  *Id.* (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  "Injunctions are forward looking remedies that may be issued 'only if *future* injury is certainly impending.'"  *Id.* (quoting *Aransas Project v. Shaw*, 775 F.3d 641, 664 (5th Cir. 2014) (emphasis in original)).  "This is a heavy burden to overcome . . . ."  *CyberX Grp., LLC v. Pearson*, No. 3:20-cv-2501, 2021 WL 1966813, at *10 (N.D. Tex. May 17, 2021).

Here, O.G. Holdings does not cite to evidence in support of its argument that there is a substantial threat of irreparable harm.  Instead, O.G. Holdings states it will not have an adequate remedy at law if the Court does not enjoin Plaintiffs from "disclosing and using O.G. Holdings' Confidential Information and continuing to violate the . . . Operating Agreement."  However, during the preliminary junction hearing, Plaintiffs represented that they are not using O.G. Holdings' materials, will not use them, and offered to remove any such materials.  Plaintiffs further testified that they are not violating the Operating Agreement.

Without more, the Court finds that O.G. Holdings has not met its burden of establishing that it will suffer irreparable harm if the preliminary injunction is not issued.

c.  Balance of Harms and Public Interest

The last two factors, balance of harms and public interest, requires the court to "'consider the effect on each party of the granting or withholding of the requested relief.'" *Optimus Steel, LLC*, 492 F. Supp. 3d at 726 (quoting *Winter*, 555 U.S. at 24).

O.G. Holdings claims it has "no way of calculating the amount of business it has lost or the amount of monetary damages suffered." (ECF No. 16 at 31).  However, as discussed, O.G. Holdings has not established a substantial threat of irreparable harm.  Further, the Court believes that any potential harm is largely economic in nature and compensable through damages.  As such, the balance of equities does not favor O.G. Holdings.

Further, while O.G. Holdings contends enforcing the Operating Agreement is in the public interest and furthers public policy, O.G. Holdings has not shown that the Court is likely to find the Operating Agreement was breached in the first place.  Accordingly, the Court finds that the public interest would not be served by the issuance of a preliminary injunction at this juncture.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that O.G. Holdings has not carried its burden, at this stage of the proceeding, of demonstrating entitlement to the extraordinary remedy of a preliminary injunction.  As such, the Court **RECOMMENDS** O.G. Holdings's Motion (ECF No. 16) be **DENIED**.[1]

The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 9, 2026.

Richard W. Bennett
United States Magistrate Judge

---

[1] The funds identified in O.G. Holdings's Exhibit 9 (also referred to as Tab 17) will be preserved until the District Judge issues a ruling on this Memorandum and Recommendation.  (*See also* ECF No. 22).  If this Memorandum and Recommendation is adopted by the District Judge, the parties' current agreement to preserve such funds is dissolved.